IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN E. BRACAMONTE,

      Plaintiff,                                   No. CIV S-09-1205 CKD P

     vs.

R. GRADY, et al.,

      Defendants.                          ORDER

_____/

        Plaintiff is a California prisoner proceeding without counsel with an action for violation of civil rights under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties have consented to all proceedings in this matter being held before a United States Magistrate Judge. This action is proceeding on plaintiff's claims arising under the Eighth Amendment against defendants Grady and Ash (defendants). See October 9, 2009 Order. Defendants have filed a motion to dismiss in which they assert this action should be dismissed for plaintiff's failure to exhaust administrative remedies.

        The court notes that on October 21, 2010, defendants filed a request for an extension of time within which to file a reply brief regarding their motion to dismiss. Good cause appearing, the reply brief filed on November 15, 2010 is considered timely.

/////

1           A motion to dismiss for failure to exhaust administrative remedies prior to filing
2   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d
3   1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial
4   remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at
5   1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,
6   the proper remedy is dismissal of the claim without prejudice.  Id.
7           The exhaustion requirement is rooted in the Prison Litigation Reform Act, which
8   provides that "[n]o action shall be brought with respect to prison conditions under section 1983
9   of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. §
10  1997e(a).  California Department of Corrections (CDC) regulations provide administrative
11  procedures in the form of one informal and three formal levels of review to address plaintiff's
12  claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are
13  exhausted once a prisoner has received a "Director's Level Decision," or third level review, with
14  respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed
15  before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him;
16  exhaustion during the pendency of the litigation generally will not save an action from dismissal.
17  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of
18  proving plaintiff's failure to exhaust.  Wyatt, 315 F.3d at 1119.
19          In his complaint, plaintiff alleges he was pepper-sprayed by both defendants
20  during a prison riot which occurred on August 16, 2008 at California State Prison, Sacramento
21  (CSPS).  Plaintiff indicates that when he was pepper-sprayed, both defendants knew plaintiff is
22  asthmatic and that plaintiff was not an aggressor in the riot.  Furthermore, plaintiff alleges that
23  after he was pepper-sprayed, defendants placed him in a holding cage without cleaning off the
24  pepper spray from his body and clothes.
25          Plaintiff asserts that he submitted grievances concerning the events of August 16,
26  2008, but he never received a response.  See Opp'n.  However, plaintiff fails to submit any

admissible evidence in support of his assertion to this effect: there are no affidavits signed under penalty of perjury, see Fed. R. Evid. 603, nor are any of his exhibits properly authenticated as required under Rule 901 of the Federal Rules of Evidence.[1]

In contrast to the plaintiff's submissions, the defendants submit detailed admissible evidence to support their contention that plaintiff never filed a grievance. First, defendants submit the declaration of CSPS Appeals Coordinator A. Pereira. In the declaration, Pereira indicates that even when an inmate's grievance is screened out before resolution at the first level, the grievance is returned to the inmate who filed the grievance with an explanation as to why the grievance was screened out, and with a stamp on the grievance itself indicating the date that it was originally received by the Appeals Coordinator. While plaintiff has provided the court a completed grievance form dated August 16, 2008, and plaintiff indicates that it was submitted on August 16, 2008, there is no stamp on it. From this, the court concludes that even if the plaintiff did in fact submit it, there is no indication that the grievance was received by any person authorized to address the grievance.[2] Additionally, Pereira indicates that even when grievances are screened out, a record is kept of the date the grievance was submitted and the subject matter. Pereira indicates there is no record that plaintiff submitted a grievance on August 16, 2008, nor is there any record plaintiff submitted a grievance on or after that day concerning

\\\\

\\\\

---

[1] The court notes that plaintiff was advised of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, including the requirement that plaintiff "file declarations under penalty of perjury and admissible documentation." See, Order Directing USM to Serve..., November 5, 2009 (Dkt. 11). Plaintiff was also advised that "plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence." Id.

[2] Further, the court notes that the grievance form which the plaintiff claims he submitted is dated the same day as the incident. The court finds this curious in that the plaintiff's grievance contends that on the day of the incident he was kept in a holding cell until 7:30 at night. (See Opp'n, Ex. A at 3.)

the issues presented in plaintiff's complaint.[3]

Also, defendants provide the affidavit of A. Slusser, Executive Assistant to the Warden at CSPS. Attached to the affidavit are copies of correspondence sent by plaintiff to the Warden on September 18, 2008 and October 27, 2008. In the September 18 "Inmate Request For Interview" plaintiff inquires about the status of a previous request to be transferred to "Mule Creek State Prison EOP [enhanced outpatient] SNY [sensitive needs yard]." Reply, Ex. B. In the October 27 "Request For Interview," plaintiff expresses concern about a potential transfer to Kern Valley State Prison. Reply, Ex. C. The court finds this evidence noteworthy for two reasons. First, while the "Request For Interview" letters were submitted to the Warden close in time to the events alleged in plaintiff's complaint and the dates plaintiff claims to have submitted grievances concerning those events, no mention is made in the "Requests . . ." as to what occurred on August 16, 2008 or the failure of staff to respond to grievances concerning those events. Second, the fact that A. Slusser was able to retrieve these documents suggests that correspondence submitted from inmates to staff at CSPS is retained and filed so that it may be retrieved, if necessary, at a later date further supports the proposition that if plaintiff actually submitted a grievance regarding the events of August 16, 2008, there would be an obtainable record reflecting that.

For all the foregoing reasons, defendants have met their burden to establish that plaintiff has failed to complete the prisoner grievance process with respect to his remaining claims. Therefore, the court will order that defendants' motion to dismiss be granted and this case be closed.

////

---

[3] Plaintiff asserts that he submitted three grievances regarding the events of August 16, 2008, between August 16, 2008, and September 15, 2008. See Opp'n, Ex. A at 4. But, he also indicates that under the California Code of Regulations, prison officials have 30 working days to respond to grievances. Id. at 5. Plaintiff's assertion that he submitted the second two grievances knowing that the time had not run for processing the first does not make sense, and further supports the court's view that plaintiff did not in fact file any grievances.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants October 21, 2010, request for an extension of time is granted;

2. The reply brief filed November 15, 2010, is deemed timely;

3. Defendants' October 5, 2010, motion to dismiss is granted;

4. This action is dismissed without prejudice for failure to exhaust administrative remedies; and

5. This case is closed.

Dated: August 7, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brac1205.dis